**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 05-CR-21-TCK** |
| | ) | |
| **EMILE MELVIN DOUGLAS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**OPINION AND ORDER**

Before the Court is the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion") (Doc. 58) filed by Defendant Emile Melvin Douglas ("Defendant").[1] Also before the Court are two motions to add claims and allegations to the § 2255 Motion (Docs. 65, 66).

## I. Background

On November 22, 2004, Tulsa Police Department officers arrived at a residence to execute a search warrant. Upon approaching the house, officers saw two people sitting in a Cadillac parked in the yard. Officer Kevin Hill approached the Cadillac from the passenger side and smelled marijuana. He ordered the passenger, Defendant, to put his hands on his head. Defendant instead reached toward the floorboard, and Hill then sought help from Officer Jeff Henderson. Henderson removed Defendant from the Cadillac and placed him in handcuffs. Hill searched the Cadillac and located a chamber-loaded .380 caliber semiautomatic pistol, a bag containing crack cocaine base, and a burning marijuana cigarette. Henderson searched Defendant and retrieved the keys to an

[1] Defendant has been released and re-arrested on other charges since the filing of his § 2255 Motion, but this does not render the motion moot. *See Prost v. Anderson*, 636 F.3d 578, 582 (10th Cir. 2011) ("[A] habeas petition challenging a conviction isn't mooted by a prisoner's release from incarceration because the Court is willing to presume that the fact of conviction has continuing collateral consequences.") (internal quotations omitted).

Oldsmobile, which was parked in the driveway. Officers then conducted a search of the Oldsmobile and recovered digital scales and a .357 caliber revolver. After search of the Cadillac, Henderson and other officers searched the house. Thus, Hill was the officer who located the bag of cocaine, and he did so before Henderson searched the house.[2] Defendant was indicted for (1) possession of crack cocaine; (2) using and carrying a firearm in furtherance of a drug trafficking crime; and (3) possessing a firearm after former conviction of a felony. The crack cocaine forming the basis of Count 1 was the cocaine found by Hill in the Cadillac. The firearm forming the basis of Counts 2 and 3 was the pistol found by Hill in the Cadillac.

In a motion to suppress filed May 6, 2005, Defendant challenged the search of the Oldsmobile but did not challenge the search of the Cadillac. (*See* Mot. to Suppress, Doc. 15, at 4 ("In the present case, police found the Defendant in a Cadillac and concluded that he was in possession of drugs and a firearm. While this sufficed as probable cause to search the Cadillac, it was not probable cause to search another car which officers did not see the Defendant occupy.").)[3] The Court held an evidentiary hearing during which Henderson, Hill, and ATF Agent Josh Petree testified. Henderson testified that he found $350 cash on Defendant, but this was inconsistent with the property report. The United States Attorney subsequently explained to the Court that Henderson misunderstood her question and that the United States would stipulate that no cash was found on Defendant. After discounting the credibility of Henderson's testimony, the Court found other sufficient probable cause for search of the Oldsmobile and denied the motion. (*See* Supp. Hr'g Tr.

---

[2] This makes it unlikely that Henderson discovered the cocaine base in the house and somehow planted it in the Cadillac, as alleged by Defendant.

[3] Defendant did not move to suppress the cocaine or firearm forming the basis of the charges against him, and such evidence would have remained admissible regardless of the outcome of the suppression hearing.

51 ("Well, in spite of the perplexing nature of that situation [Henderson's testimony]. . . that doesn't really change my ruling. There's enough – the firearm and the drugs I think were enough to justify . . . the search of the Oldsmobile.").)[4]

Defendant pled guilty to all three charges. Prior to sentencing, Defendant wrote a letter to the Court asking to withdraw his guilty plea, claiming that he pled guilty in order to escape the stress and bad conditions at the Tulsa County Jail. After permitting Defendant and his counsel to be heard, the Court denied the motion and sentenced Defendant to 106 months imprisonment.[5] On direct appeal, Defendant challenged this Court's denial of his motion to withdraw his plea and the denial of his motion to suppress. On December 19, 2006, the Tenth Circuit affirmed, *see United States v. Douglas*, 210 F. App'x 771 (10th Cir. 2006), and Defendant did not file a petition for writ of certiorari.

Around the summer of 2010, news broke of a police corruption scandal in Tulsa that "became public at least as early as May 2010." *United States v. Randle*, No. 05-CR-28-CVE, 2013 WL 395450, at * 5 (N.D. Okla. Jan. 31, 2012). On July 19, 2010, a grand jury returned a sealed indictment charging Henderson and a codefendant, William Yelton, with drug and firearms offenses, conspiracy to commit and suborn perjury, perjury, witness tampering, and conspiracy to deprive individuals of their civil rights. *United States v. Jeff M. Henderson and William A. Yelton*,

---

[4] The Tenth Circuit's decision on direct appeal stated that this Court found probable cause to "search the *vehicles*," *see United States v. Douglas*, 210 F. App'x 771, 773 (10th Cir. 2006) (emphasis added), and that Defendant argued "that the district court erred by denying a pretrial motion to suppress evidence seized from the Cadillac," *see id.* at 775. However, the record shows that Defendant's motion and the Court's ruling were limited to the legality of the search of the Oldsmobile.

[5] On January 19, 2011, the Court granted Defendant's unopposed motion for a sentence reduction based on amendments to the United States Sentencing Guidelines involving crack cocaine offenses.

10–CR–117–BDB (N.D. Okla) (Doc. 2). On July 20, 2010, Henderson made his initial appearance, and the indictment was unsealed. A superseding indictment with additional criminal charges against Henderson was filed on September 24, 2010. The case went to trial and Henderson was convicted on eight charges.

On June 20, 2011, Defendant filed the currently pending § 2255 Motion.[6] The majority of Defendant's claims relate to Henderson's alleged illegal conduct during Defendant's criminal prosecution. For example, Defendant alleges that Henderson found $3200 cash on Defendant's person when he searched him, falsified police reports to reflect that no cash was found, and committed perjury during the suppression hearing by claiming that $350 cash was found. Defendant also claims that Henderson found the cocaine base during search of the house but falsely testified that it was found in the Cadillac. Defendant further alleges that he told his trial counsel, Mr. Paul Brunton, about these falsifications but that Mr. Brunton failed to investigate them. Finally, with respect to the United States' involvement, Defendant alleges that the United States Attorney knowingly permitted Henderson to commit perjury during the suppression hearing. Defendant also raises two claims that are unrelated to Henderson's conduct.

In the motion and amendments collectively, Defendant raises the following five specific grounds for relief, in this order: (1) the Court erred when it denied Defendant's *pro se* motion to withdraw his guilty plea (§ 2255 Mot., Doc. 58, at 2); (2) Mr. Brunton was ineffective for failing "to adequately challenge the theft of the substantial amount of cash that was taken off [Defendant] when he was arrested" (*id.* at 3); (3) the United States' "use of falsified documents and [p]erjured testimony resulted in a *Brady* violation," (*see id.* at 4); (4) Henderson violated Defendant's

[6] Defendant subsequently filed two amendments, both of which have been considered by the Court for purposes of ruling on the § 2255 Motion.

Fourteenth Amendment rights by (a) taking $3200.00 from his person and then falsifying evidence and testimony, and (b) "tamper[ing] with [the cocaine] by alleging that the cocaine base was discovered inside the vehicle where [Defendant] was sitting," (*see id.* at 6-7); and (5) the Court erred in sentencing Defendant because the United States "failed to file an Information concerning prior convictions" before the plea (Mot. to Amend, Doc. 66, at 2). The United States argues that the § 2255 Motion is untimely and, alternatively, that none of his claims have merit.

**II. Timeliness**

Section 2255 provides a one year statute of limitations for initial motions to vacate, set aside, or correct sentence, and the statute of limitations begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f); *United States v. Denny*, 694 F.3d 1185, 1188 (10th Cir. 2012) (explaining that "Section 2255(f) establishes a one-year limitations period for filing a § 2255 motion" and that "[t]he limitations period commences on the latest of four dates"). In this case, Defendant relies upon 28 U.S.C. § 2255(f)(4), which "is an example of what are called 'discovery rules' for delaying the accrual of a cause of action." *Denny*, 694 F.3d at 1189. The test under § 2255(f)(4) is an objective one that inquires as to "when a person exercising reasonable diligence would have discovered" the "pertinent facts" supporting his claim for habeas relief. *Id.*

The Court concludes that Defendant's § 2255 Motion is untimely and cannot be saved by the discovery rule set forth in § 2255(f)(4). Defendant claims that the statute of limitations began on

August 27, 2010, the publication date of a newspaper article reporting that Henderson was indicted for various crimes, because this is the date he discovered the factual bases for his claims.[7] As an initial matter, two of Defendant's grounds for relief (the first and fifth) are not related in any way to Henderson's conduct. Thus, these claims had to be filed within one year from the date Defendant's conviction became final, or by March 19, 2008. The § 2255 Motion was filed in 2011, and these claims are untimely.

The second, third, and fourth grounds for relief relate to Henderson's conduct. However, upon close review of Defendant's pleadings, it becomes clear that Defendant was aware of the factual bases for these claims prior to August 27, 2010. Specifically, Defendant knew of the alleged facts that: (1) Henderson found $3,200 on Defendant's person but failed to report it and lied about it during the suppression hearing; (2) Henderson tampered with the cocaine base and lied about where it was found; (3) Mr. Brunton failed to conduct further investigation of these alleged falsifications after Defendant raised them; and (4) the United States knowingly permitted Henderson to commit perjury during the suppression hearing. These are the underlying facts supporting Defendant's motion, and Defendant's own admissions reveal that he was aware of the facts at least by the time he pled guilty. Defendant argues that he told Mr. Brunton that Henderson committed these illegal acts but that Mr. Brunton refused to investigate or inform the Court. Thus, Defendant did not first discover these facts from the charging documents against Henderson in other cases or from the August 2010 newspaper article. Nor is Defendant arguing that the discovery of Henderson's illegal conduct in other cases caused him to realize that constitutional errors occurred

---

[7] This date corresponds to a hand-written notation beside a *Tulsa World* article attached as Exhibit 1 to the § 2255 Motion. (*See* Br. in Support of § 2255 Motion, Doc. 59, at Ex. 1.) For purposes of this motion, the Court assumes that August 27, 2010 was the publication date of the article.

in his own case. Therefore, the statute began to run for these claims when Defendant's conviction became final. *See Love v. United States*, No. 4:10CV2099, 2011 WL 3352467, at * 2 (E.D. Mo. Aug. 3, 2011) (holding that a petitioner's § 2255 motion was untimely because the petitioner "knew from the time of his arrest whether cocaine base was planted on him" and that the involved officer's "indictment and conviction for similar conduct that occurred years after [petitioner's] arrest in unrelated cases" was not sufficient to invoke § 2255(f)(4)); *see also United States v. Muldrow*, 19 F.3d 1332, 1339 (10th Cir. 1994) (discussing "newly discovered evidence" in context of Federal Rule of Criminal Procedure 33 motion for new trial) ("If a former codefendant who originally chose not to testify subsequently comes forward and offers testimony exculpating a defendant, the evidence is not newly discovered if the defendant was aware of the proposed testimony prior to trial."); *United States v. Pohlman*, No. 95-2239, 1996 WL 534161, at * 4 (10th Cir. Sept. 20, 1996) (same).[8] Thus, Defendant's motion is untimely as to all five grounds for relief.

The Court must also consider whether the statute of limitations should be equitably tolled. *See Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007) ("The one-year statute of limitations is not jurisdictional and can be equitably tolled, but equitable tolling is limited to 'rare and exceptional circumstances.'"). Equitable tolling is available in limited circumstances "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir.

---

[8] In a case involving the indictment of former ATF agent Brandon McFadden, the United States conceded that a § 2255 motion was timely under § 2255(f)(4). *See United States v. Haley*, No. 05-CR-56, 2012 WL 1581971, at * 3 (N.D. Okla. May 4, 2012) (permitting amendment to § 2255 Motion to add new claim regarding McFadden because "[a]s conceded by the Government, this new basis for relief was timely because it was filed within one year of 'the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence'"). In this case, the United States has not conceded timeliness, and the Court finds that Defendant was aware of the pertinent facts forming the basis of his § 2255 Motion.

2000). "Equitable tolling would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct – or other uncontrollable circumstances – prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period . . . ." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citations omitted).[9] The petitioner must also show that he acted with reasonable diligence, such that the extraordinary circumstances caused his petition to be untimely. *See Fleming*, 481 F.3d at 1257.

Defendant has failed to demonstrate that (1) extraordinary circumstances prevented him from filing his motion timely; or (2) he exercised reasonable diligence during the delay from 2009 to 2011.

Defendant's only justification for the untimeliness of his motion is that the August 27, 2010 newspaper article started a new limitations period pursuant to § 2255(f)(4). (*See id.* at 9-10.) The Court has rejected this argument and finds no other circumstances justifying equitable tolling in this case. Instead, Defendant was aware of the factual bases for his claims and failed to exercise reasonable diligence in filing his motion within the required time.[10]

---

[9] Some examples of extraordinary circumstances warranting tolling or an evidentiary hearing include (1) a case in which prison officials confiscated all of the petitioner's legal documents, including a draft § 2255 motion and brief, and refused to return the documents despite numerous requests before the deadline, *see United States v. Gabaldon*, 522 F.3d 1121, 1125 (10th Cir. 2008), and (2) counsel's active deception of his client as to whether a § 2255 motion was being prepared, *see Fleming v. Evans*, 481 F.3d 1249, 1257 (10th Cir. 2007).

[10] In some cases, it may be necessary to issue an order permitting a *pro se* Defendant to show cause why his motion should not be dismissed as untimely. However, in this case, Defendant was well aware of the potential untimeliness of his motion. An entire section of his motion was entitled "Timeliness of Motion," (*see* § 2255 Mot., Doc. 58, at 9), and Defendant set forth the reasons for the delay in filing his motion. Further, the United States raised untimeliness in its response, and Defendant failed to file a reply. Thus, the Court finds that a show cause order is not necessary.

## VII. Conclusion

Defendant's motions to add claims and allegations to the § 2255 Motion (Docs. 65, 66) are GRANTED. Defendant's § 2255 Motion (Doc. 58), including the amendments, is DENIED as untimely. Defendant must receive authorization from the Tenth Circuit Court of Appeals, pursuant to 28 U.S.C. § 2255(h), before filing any further motions to vacate or set aside his verdict.

**SO ORDERED** this 20th day of June, 2013.

Terence Kern

**TERENCE KERN**
**United States District Judge**